### BISSELL CARPET SWEEPER CO. v. PORTER STEEL SPECIALTIES et al.

#### No. 7507.

Circuit Court of Appeals, Seventh Circuit.

April 16, 1941.

Rehearing Denied May 22, 1941.

Ralph L. Chappell, of Kalamazoo, Mich., and Ralph G. Lockwood, of Indianapolis, Ind., for appellant.

Hood & Hahn, of Indianapolis, Ind., for appellees.

Before EVANS and MAJOR, Circuit Judges, and BRIGGLE, District Judge.

EVANS, Circuit Judge.

The success of plaintiff's effort to hold defendants' carpet sweeper within the scope of claims 1, 2, and 3 of Bissell Patent No. 2,085,209, covering a "Dust Pan Dump For Carpet Sweepers," is the only issue which this appeal presents. The patent issued at a time when defendants were making sweepers with a dust pan dump arrangement quite like the one described in the patent. As a result of plaintiff's assertion of infringement, defendants sought permission to complete those in the process of manufacture and to sell them. Plaintiff agreed thereto, in consideration whereof defendants acknowledged the validity of the patent and agreed not to infringe it in the future.

The issue of validity was thus eliminated. Noninfringement by subsequently manufactured sweepers is defendants' only reliance.

To determine better the range of equivalents, the court admitted evidence of the prior art. This was received not to defeat the patent but to ascertain its true scope—and incidentally, to illumine the limits of equivalents of the elements hereafter set forth in a typical claim. For in this, as in almost all patent infringement suits where noninfringement becomes the chief (or sole) defense, the outcome turns upon the presence of an equivalent of an essential element rather than upon the existence of a Chinese copy of said element.

Here, we are dealing, not with that useful apparatus known as a carpet sweeper, but with an improvement in an essential feature of such a sweeper, "the dust pan dump." The appeal of this invention is to be found not in the uninteresting matter which the name suggests, but in the mechanism whereby the user more readily and easily reaches those spots under sofas, etc., where dust and dirt are prone to lie safe

342

from attack, save during a siege of house-cleaning.

The dust pan dump is an essential feature in a successful carpet sweeper. If the sweeper is to be effective it must collect and retain dust, and when the accumulation is large, it must be dumped by the operator.

The invention in suit, so the inventor says, covers the "mechanism for dumping" the dust pans of the carpet sweeper.

The patent is narrow, yet its validity has been placed beyond our inquiry by defendants' agreement, made when they settled the threatened infringement suit.

From the specifications we gather that a conventional carpet sweeper casing has ends, floor wheels, and a brush or brushes. None of them forms any part of the invention in question.

The dust pans are pivoted between the ends of the carpet sweeper casing. There is a bent spring between the pans, which is pivoted in the pans and has an upwardly extending loop which is raised to dump the pans. The spring serves to maintain the pans in the closed position, as well as to dump them by its raising movement. A handle comprising a bail is provided. It is pivoted in a conventional manner in the end of the case and has a nib which extends through the slot and under the upwardly extending loop of the spring. An annular groove serves to engage the spring and prevent its slipping off the bail. When the pans are in a closed position the nib rests at the bottom of the slot and is held yieldingly in place by the spring. A raising of the handle bail and with it, the nib, raises the loop of the spring and causes the dust pans to dump. This is accomplished by holding one hand against the carpet sweeper casing and pulling on the handle bail. Releasing the bail causes the dust pans to be forced back to closed position by the spring which at the same time tends to yieldingly hold the nib in the bottom of the slot. Thus does the inventor in substance describe his invention and its operations in the specifications.

For the purpose of better understanding, we define the word "nib" and also the words "handle bail." A nib is a pointed part or prong, a projecting part, or a pointed extremity. A handle bail is usually a hook handle, hoop handle on a vessel, like a kettle, etc.

We herewith divide claim 2 (typical of the three claims in suit) into its several elements:

1. A carpet sweeper casing.

2. Dustpans pivoted between the ends of said casing.

3. Means for holding said dustpans closed and for dumping said dustpans comprising a spring extending between the pans and having an upwardly extending loop which is raised to dump said dustpans.

4. A vertical slot in one end of the casing, and

5. A handle including a bail having a nib pivoted in and extending through said vertical slot and under said upwardly extending loop whereby the pans may be dumped by an upward movement of said nib.

The trial court found that the bail of the patent formed part of the operating handle for the main body of the sweeper and is an essential element of the mechanism for causing pan dumping. In defendants' sweeper the element by which the dust pans are dumped is not the bail which is employed by the operator of the sweeper to move the same over the floor. Its sweeper has the old, well-known type of operating handle with its bail, which is pivoted on rigid pivots carried by the casing. No part of this handle is movable to cause pan dumping. The connection between the handle bail and the pan operating yoke which causes the yoke to partake of the swinging movements of the operating handle does not affect pan dumping.

As far back as 1889 there was a patent to one Walter J. Drew covering a carpet sweeper which had for its alleged object "a novel means for opening and automatically closing the tilting dust pans of a carpet sweeper."

The drawings and specifications show a sweeper somewhat like the modern one, and not greatly distinguishable from the mechanism for collecting and dumping the dust.

Restricting and narrowing the unoccupied and unpreempted field were the patents to Drew, No. 415,903; to Sanford, Nos. 481,827, and 481,828; and to Pullen, No. 1,933,758.

We are persuaded that defendants do not have in their sweeper, element 5 of claim 2 of the patent in suit.

Closer is the question of the equivalents of said element 5 of said claim 2. Consider-

ing the prior art, we are satisfied that neither the defendants' handle bail nor its nib structure is the equivalent of that defined in element 5 of claim 2.

Our conclusion is that the District Court properly held the claims were not infringed.

The decree is affirmed.